*A. Rosa*, for plaintiff.

*W. C. Achi*, for defendant.

---

THEO. H. DAVIES & CO. *vs.* W. H. DANIELS.

APPEAL FROM McCULLY, J.

HEARING, JUNE 17, 1890.    DECISION, JULY 17, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The covenant on the part of the vendors in a bill of sale of merchandise in a store and the good-will of the business, for the time of five years within a radius of five miles, was that "they will not during such time or in said area engage in or interest themselves in carrying on or conducting a mercantile business, and if they, or either of them, shall so engage in mercantile business, they or he shall thereupon forfeit and pay to the said party of the second part, and his executors, administrators and assigns, one thousand dollars."

Held, although the sum of one thousand dollars is liquidated damages, equity has jurisdiction to enjoin the defendant from committing a breach of the covenant, it not appearing that the payment of the one thousand dollars was an alternative which the vendor (defendant) had the option to adopt, in lieu of a strict performance of the contract.

OPINION OF THE COURT, BY JUDD, C. J.

Bill in equity, filed 24th February, 1890, to restrain defendant from engaging in or carrying on or conducting any mer-

cantile business within a radius of five miles from the store sold by him to E. A. Bielenberg, in Wailuku, Maui, until the expiration of five years from the date of the bill of sale, to wit, until July 22d, 1892.

On the 22d of July, 1887, the defendant, W. H. Daniels, with W. H. Cummings, then doing business in Wailuku, Maui, under the firm name of Daniels & Cummings, sold their goods and merchandise, together with the good-will of the business and the lease of the store, to one E. A. Bielenberg. The following covenant was included in the bill of sale: "And for the consideration aforesaid the parties of the first part do hereby assign, transfer and set over to the party of the second part their good-will in said business for the term of five years from the date thereof within a radius of five miles from said store, and covenant that they will not during such time or in said area engage in or interest themselves in carrying on or conducting a mercantile business, and that if they, or either of them, shall so engage in mercantile business, they or he shall thereupon forfeit and pay to the said party of the second part, and his executors, administrators and assigns, one thousand dollars."

The bill alleges assignment of the rights of Bielenberg under said covenant, and all causes of action to accrue under the same, to the plaintiffs, and a violation of the covenant on the part of W. H. Daniels by his carrying on and conducting a mercantile business in Wailuku within five miles from said store since April, 1890.

The bill is demurred to and the case turns upon the construction to be given to the covenant above recited.

Following *Colby vs. Bailey,* 5 Hawn., 153, we are of opinion that the sum of one thousand dollars mentioned in the covenant is liquidated damages, and the plaintiffs could recover this sum in an action of debt for a breach thereof, and would not be obliged to show the specific damages sustained. But there is nothing in the agreement to show that the payment of this sum was an alternative which the vendor in the bill of sale had the option to adopt, and the payment, if made, stands in lieu of the strict performance of the agreement.

The cases usually cited in support of this proposition, that where the sums mentioned appear to be liquidated damages, the payment of them will absolve the covenantor from fulfilling his agreement, are like *Woodward vs. Gyles*, 2 Ver., 119, where the defendant agreed not to plow any part of the land demised, and if he did, to pay twenty shillings per acre, and it was held that he had the privilege to plow on paying the additional rent, and the Court refused to restrain him from doing that which the contract provided he might do.

The better and more modern doctrine is, not that equity will not interfere to prevent a party from doing what he has agreed not to do, when liquidated damages are provided in case he does the act, but that, as laid down in *Ropes vs. Upton*, 125 Mass., 260, "if the substance of the agreement is that the party shall not do a particular act, and that is the evident object and purpose of the agreement, and it is provided that if there is a breach of the agreement the party shall pay a stated sum, which does not clearly appear to be an alternative which he has the right to adopt, instead of performing his contract," equity will restrain him from doing the act.

We adopt the arguments and conclusions of *Ropes vs. Upton*, commending themselves as they do to our reason. The Court in the case say: "Naming a sum to be paid as liquidated damages does not in itself conclusively establish that the parties contemplated the right to do the act upon payment of the compensation, and make an alternative agreement for the benefit of the party who has done what he has agreed not to do."

We think the decree of Mr. Justice McCully, overruling the demurrer, should be affirmed, and it is done accordingly.

*F. M. Hatch*, for plaintiffs.

*W. O. Smith*, for defendant.